Order filed December 15,
2011

 

 

                                                                       In The

                                                                              

Eleventh
Court of Appeals

 

                                                                   __________

 

                                                         No. 11-11-00331-CR 

                                                    __________

 

                        JESUS
MANUEL NAVARRETTE, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 70th District Court

 

                                                             Ector
County, Texas

 

                                                   Trial
Court Cause No. A-36,468

 



 

                                                                     O
R D E R

            Appellant,
Jesus Manuel Navarrette, timely filed a notice of appeal from his convictions
for the offenses of aggravated sexual assault.  The clerk’s record and the
reporter’s record are now past due.  Appellant has filed a motion requesting
this court to direct the trial court to provide him with a free record on
appeal.  Attached to the motion are two orders: one finding appellant indigent
and granting his request for a free record and one denying appellant’s request
for a free record.  We abate the appeal.  

The
trial court initially granted appellant’s request for a free record and
appointed counsel to represent appellant on appeal because it determined that
appellant was indigent.  Appellant’s family subsequently retained other counsel
to represent appellant on appeal, and both this court and the trial court allowed
the substitution of counsel.  In its order authorizing the substitution of
counsel, the trial court noted, “Defendant’s request for a free record is
denied.”

An
indigent criminal defendant has a constitutional right to a free appellate
record in a first appeal of right.  See Griffin v. Illinois, 351 U.S.
12, 18-19 (1956); Abdnor v. State, 712 S.W.2d 136, 139 (Tex. Crim. App.
1986).  The determination of indigence for this purpose is based upon the
financial status of the appellant at the time of the appeal, not the trial, and
implicates the personal financial condition of the appellant, not that of his
parents or other relatives.  Abdnor, 712 S.W.2d at 142.  “Outside
sources such as relatives . . . are not to be considered unless they are
legally bound to pay for defendant’s appellate expenses.”  Id.  Furthermore,
an appellant cannot be deprived of his right to a free record on appeal by the
mere fact that he was represented by retained counsel at trial.  Id.  We
will abate the appeal so that the trial court, who is in the best position to
make such determinations, may resolve the issues surrounding appellant’s
asserted indigence.  See McFatridge v. State, 309 S.W.3d 1 (Tex. Crim.
App. 2010). 

            The
trial court is directed to conduct a hearing on or before January 20, 2012, to
determine the following:

1.     
Whether appellant desires to prosecute his appeal;

2.     
Whether appellant is indigent; and

3.     
If indigent, whether appellant is entitled to a free appellate record. 

The
trial court is requested to make appropriate findings and recommendations.  Appellant’s
proof at such hearing may be had by affidavit alone.  See Tex. R. App. P. 20.2; Abdnor,
712 S.W.2d at 142.  If it is determined that appellant is indigent and is
entitled to a free appellate record, the clerk’s record and the reporter’s
record from the trial are due for filing in this court on or before February 6,
2012.  

The
clerk of the trial court is directed to prepare and forward to this court a
supplemental clerk’s record containing the findings, recommendations, and any
orders of the trial court regarding appellant’s indigence.  The court reporter
is directed to prepare and forward to this court the reporter’s record from the
indigence hearing.  These records are also due to be filed in this court on or
before February 6, 2012.

            The
appeal is abated. 

 

                                                                                                PER
CURIAM

 

December 15,
2011

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.